2023 IL App (3d) 230435

Opinion filed December 11, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
|---|---|---|
| ILLINOIS, | ) | of the 18th Judicial Circuit, |
| | ) | Du Page County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-23-0435 |
| v. | ) | Circuit No. 23-CF-1384 |
| | ) | |
| JOHN C. GRAY, | ) | Honorable |
| | ) | Mia S. McPherson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Peterson and Albrecht concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Defendant, John C. Gray, appeals the Du Page County circuit court's granting of the State's

petition to detain and the denial of his motion to remove the monetary condition of his bond,

arguing the court erred in so ruling where the State lacked statutory authority to move to revoke a

previously set bond for a detained defendant. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        On July 5, 2023, defendant was charged with failure to report an accident involving death

(625 ILCS 5/11-401(b) (West 2022)), a Class 1 felony. The complaint alleged that defendant was

driving a black BMW when it crashed into a pedestrian on a bicycle, who later died as a result of

the crash. Defendant left the scene of the accident. On July 6, 2023, defendant's bond was set at $500,000 and certain conditions were placed on his release. Defendant did not post bond and remained in custody. Defendant was subsequently charged by superseding indictment with leaving the scene of an accident involving death (*id.* 11-401(b), (d)).

¶ 4 On September 19, 2023, defendant filed a "Motion to Reopen Conditions of Pretrial Release" pursuant to sections 110-7.5(b) and 110-5(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-7.5(b), 110-5(e) (West 2022)). The motion sought to remove monetary bail as a condition of defendant's release. The State filed a verified petition to deny pretrial release, indicating that defendant had a high likelihood of willful flight to avoid prosecution and was charged with a felony greater than a Class 4 offense. It further listed defendant's criminal history and the facts of the accident.

¶ 5 The case proceeded to a hearing on the motion on September 20, 2023. The State indicated that defendant was a flight risk, stating,

> "The Defendant fled from the scene of the accident, and then it is the State's contention that he actively worked to conceal his involvement in this accident by claiming to have struck a guardrail, and by breaking the back passenger window of the vehicle.
>
> So, Judge, if you review the standard of willful flight, I think you can see beyond clear and convincing evidence that the Defendant has committed a detainable offense, that being an offense for which willful flight is a condition, as alleged in our motion. And that it is clear that this Defendant poses a risk of obstructing himself for the prosecution of this offense by fleeing from the scene

and by, frankly, damaging the vehicle to conceal what had happened within this accident."

¶ 6 Defense counsel argued that defendant had never failed to appear in court or avoid prosecution. Counsel asked that the court find defendant was not a flight risk and release him from the monetary condition of his bond. The court granted the State's petition to detain, stating,

"The first part of the definition of willful flight is willful flight means the intentional conduct for the purpose to thwart the judicial process to avoid prosecution. I believe that the State has met that burden by the proffer of the facts of this case where the Defendant allegedly fled from the scene of an accident where, you know—that involved a person's death."

¶ 7                                          II. ANALYSIS

¶ 8 On appeal, defendant argues the court should have denied the State's petition and granted his request to release him from the monetary condition of his bond. Specifically, defendant contends the State is not permitted to move to revoke a previously set bond for a detained defendant.

¶ 9 At the outset, the State argues that defendant forfeited this issue by not raising this specific argument in the circuit court. However, "forfeiture is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent." *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65. We note that the proceedings in this case occurred within days of the implementation of Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) (adding 725 ILCS 5/110-1.5) commonly known as the Pretrial Fairness Act

(Act),[1] which significantly amended the sections of the Code regarding monetary bail. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52. We hold it would be inequitable to find defendant forfeited this issue when case law and arguments on the change in the law had still not been formed. Nonetheless, this only applies to the case before us, and we take no position on forfeiture in future cases.

¶ 10 Turning to the merits, defendant raises an issue of statutory construction, which we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. Our primary goal is to ascertain and give effect to the intention of the legislature, giving the language of the statute its plain and ordinary meaning. *People v. Kastman*, 2022 IL 127681, ¶ 30. "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 48.

¶ 11 Effective January 1, 2023, the requirement of posting monetary bail was abolished in Illinois, though implementation began on September 18, 2023. See 725 ILCS 5/110-1.5 (West 2022); *Rowe*, 2023 IL 129248, ¶ 52. Based on this, "[a]ll persons charged with an offense shall be eligible for pretrial release before conviction" (725 ILCS 5/110-2(a) (West 2022)), and pretrial release may only be denied in certain situations (*id.* § 110-6.1). The State must file a verified petition requesting the denial of pretrial release. *Id.* The State then has the burden to prove by clear and convincing evidence that (1) defendant has committed a qualifying offense; (2) defendant's pretrial release poses either (a) a real and present threat to the safety of any person or the community or (b) a flight risk; and (3) no less restrictive conditions exist to mitigate this threat to

---

[1]The Act has also sometimes been referred to in the press as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

safety or risk of flight. *Id.* § 110-6.1(e). If the court denies pretrial release, it must make written findings summarizing its reasons for doing so. *Id.* § 110-6.1(h)(1).

¶ 12     At issue in this appeal is when the State can file its verified petition to detain. Section 110-6.1(c)(1) provides that, initially, a petition may be filed at the first appearance before a judge without notice to defendant or within 21 days after arrest and release with reasonable notice to defendant. *Id.* § 110-6.1(c)(1). However, in this case, defendant was arrested and bond was set before implementation of the Act. The State did not file its petition within the timing requirements in section 110-6.1, but instead as a response to defendant's motion to modify pretrial conditions.

¶ 13     According to section 110-7.5 of the Code, "On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5(b) (West 2022). Section 110-5(e) provides:

> "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial

release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

Further, section 110-6 of the Code provides for the revocation or modification of pretrial release conditions and states, in part, "The court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release, subject to the provisions in this subsection. The court may only add or increase conditions of pretrial release at a hearing under this Section." *Id.* § 110-6(g). "Nothing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 ***." *Id.* § 110-6(i).

¶ 14 Our reading of the plain language of the statute provides that defendants who were arrested prior to the implementation of the Act, have two options: (1) "elect to stay in detention until such time as the previously set monetary security may be paid" (*People v. Rios*, 2023 IL App (5th) 230724, ¶¶ 16-17 (holding that section 110-1.5 of the Code did not eliminate the option to post the previously ordered security)), or (2) file a motion to modify the previously set conditions. Should the defendant choose to file a motion to modify, the State may file a responding petition. "[O]nce a defendant elects 'to have their pretrial conditions reviewed anew' (*Rios*, 2023 IL App (5th) 230724, ¶ 16), the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments." *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23. "This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law." *Rios*, 2023 IL App (5th) 230724, ¶ 17.

6

¶ 15 We find support for this position in the Fourth District's opinion in *Jones*, 2023 IL App (4th) 230837, ¶ 17, which stated,

> "The Code, as amended by the Act, allows the State to seek to modify pretrial release conditions, which includes filing a responding petition where the defendant moves for pretrial release. See 725 ILCS 5/110-6(g), (i), 110-6.1(a) (West 2022); see also *In re D.W.*, 214 Ill. 2d 289, 316 *** (2005) (finding it is 'a fundamental requirement of due process *** that a respondent be afforded the opportunity to be heard at a meaningful time and in a meaningful manner'); *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ('The core of due process is the right to notice and a meaningful opportunity to be heard.')."

In sum, the State is permitted to file a responding petition in situations such as this where a defendant (1) was arrested and detained prior to the implementation of the Act, (2) remained in detention after monetary bail was set, and (3) filed a motion seeking to modify pretrial release conditions.

¶ 16 Defendant alternatively argues that the State failed to prove by clear and convincing evidence that he was a flight risk. However, defendant makes no argument on this issue. See *People v. Jacobs*, 405 Ill. App. 3d 210, 218 (2010) (the appellate court "is not a repository into which an appellant may foist the burden of argument and research"). Unlike the earlier issue, the requirements of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) in this regard have long been well established (see, *e.g.*, *People v. Oglesby*, 2016 IL App (1st) 141477, ¶¶ 205, 210; *People v. Laws*, 2016 IL App (4th) 140995, ¶ 32), and we choose to honor defendant's forfeiture. Accordingly, we do not reach or consider the merits of defendant's alternative argument that the State failed to carry its burden of proving he was a flight risk.

¶ 17                                  III. CONCLUSION

¶ 18          The judgment of the circuit court of Du Page County is affirmed.

¶ 19          Affirmed.