2024 IL App (1st) 231891-U

No. 1-23-1891B

Order filed January 10, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 23CR7179 |
| | ) | 23CR8051 |
| STILES COTTRELL, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Charles P. Burns, |
| | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Justices Mikva and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order granting the State's petition for pretrial detention.

¶ 2    Defendant Stiles Cottrell appeals from an order of the circuit court denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022) (Code)), as amended by Public Act 101-652 § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act). Mr. Cottrell contends that the trial court erred in considering and granting the State's detention petitions because the Act

does not permit the State to file a detention petition where a defendant was in pretrial custody before the Act went into effect and was ordered released with pretrial conditions, including depositing a bail security. He also contends that the circuit court erred in finding that the State met its burden of proving by clear and convincing evidence that he posed a real and present threat to the safety of any person or persons or the community, and that no condition or combination of conditions of pretrial release could mitigate that real and present threat. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                          I. BACKGROUND

¶ 4     On June 7, 2023, Mr. Cottrell was arrested and charged with home invasion and unlawful restraint (case no. 23CR7179). A bond hearing was held on June 8, where the court held Mr. Cottrell on a $250,000 D-bond and ordered that he be placed on electronic monitoring if released. On June 26, 2023, while in custody at the Cook County Jail, Mr. Cottrell was arrested and charged with residential burglary that allegedly took place on May 29, 2023 (case no. 23CR8051). On August 15, 2023, the court held a bond hearing on Mr. Cottrell's residential burglary case, where it placed him on a $200,000 D-bond, and ordered that he be placed on electronic monitoring if released. Mr. Cottrell was unable to pay the bonds and was held in custody. On September 18, 2023, while Mr. Cottrell was in pretrial detention, the Act went into effect. *Rowe v. Raoul*, 2023 IL 129248, ¶ 52.

¶ 5     On October 4, 2023, Mr. Cottrell filed a petition to remove a financial condition of pretrial release. In the petition, Mr. Cottrell contended that under the Act he was entitled to a hearing under section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)). Mr. Cottrell asserted that under section 110-5(f-5), the court was not required to be presented with new information or a change in circumstance to remove pretrial conditions. He maintained that he was 18 years old, had no prior

felony convictions, was attending high school, and had a job before his arrest. Mr. Cottrell asked the court for a hearing on his petition.

¶ 6 That same day, the State filed petitions in both of Mr. Cottrell's cases for a pretrial detention hearing pursuant to section 110-6.1 of the Act. 725 ILCS 5/110-6.1 (West 2022). In the petition for case 23CR7179, the State alleged that Mr. Cottrell committed the forcible felony of home invasion when he entered the home of two victims and attacked them when they attempted to call police. In the petition for case 23CR8051, the State alleged that Mr. Cottrell committed the forcible felony of residential burglary when he entered the apartment of the victim and stole money from her when she confronted him. In both cases, the State contended that Mr. Cottrell posed a real and present threat to the safety of any person or persons or the community based on the specific and articulable facts of the case. The State also asserted that no condition or combination of conditions of pretrial release could mitigate that threat.

¶ 7 The matter proceeded to a hearing on Mr. Cottrell's petition and the State's two petitions. At the hearing, the State proffered that the first offense occurred at midnight on May 29, 2023, at the 200 block of North Dearborn Street. The female victim was doing laundry in her apartment building. When she returned to her apartment unit, she observed Mr. Cottrell inside looking through her purse. She confronted Mr. Cottrell who took money from her purse and then fled.

¶ 8 The second offense took place at 10 a.m. on June 7, 2023, at the 500 block of East 33rd Place. The two victims, one male and one female, were inside their apartment when Mr. Cottrell opened the front door using a set of keys. Mr. Cottrell told the female victim that he worked for building maintenance. She did not believe him and took out her phone to call 911. When Mr. Cottrell noticed that she was dialing 911, he grabbed the female victim, pushed her up against a wall, started punching her, and ultimately shoved her to the ground. The male victim attempted to

get Mr. Cottrell off of the female victim, and Mr. Cottrell started punching him. Mr. Cottrell struck the victims multiple times before fleeing. The victims and building security contacted police who arrested Mr. Cottrell as he was attempting to flee the area on a bus. Both victims and building security identified Mr. Cottrell at a show-up. After Mr. Cottrell's arrest, officers who were investigating the May 29 residential burglary, connected Mr. Cottrell to that incident and the female victim in that incident identified Mr. Cottrell as the perpetrator.

¶ 9    The State proffered that at the time of Mr. Cottrell's arrest on June 7, he was on probation for a juvenile 2022 criminal trespass to land and also had a pending misdemeanor case for assault and unlawful use of a weapon. The State argued that based on these facts, Mr. Cottrell posed a real and present threat to the public and there was no condition or combination of conditions that could mitigate that risk.

¶ 10    In response, defense counsel contended that under the Act, the State had 21 days after Mr. Cottrell's arrest on June 7, 2023, to file its petition. Counsel maintained that the State should therefore be precluded from filing the petitions on October 4, 2023.

¶ 11    The State responded that precluding it from filing the petitions in this case would be a "ludicrous result[]." The State asserted that under defense counsel's interpretation of the Act, the State would not be able to file detention petitions for anyone who was arrested before September 18, 2023. The State argued this would include all first degree murders, all sex cases, and all violent felonies.

¶ 12    Defense counsel proceeded to mitigation where he noted that Mr. Cottrell was 18 years old and was attending high school. Mr. Cottrell had no prior felony convictions and lived in Chicago with his grandmother. Before being arrested, Mr. Cottrell worked at Lou Malnati's for about four months and represented that this job would still be available to him if he were released from

custody. Counsel asked the court to remove the financial condition of his bond and place Mr. Cottrell on electronic monitoring with his grandmother.

¶ 13   The court first found that Mr. Cottrell had been charged with forcible felonies. The court also found that the proof was evident and the presumption great that Mr. Cottrell committed the offenses. The court noted that the victims were "random" and that therefore Mr. Cottrell posed a real and present threat to the safety of persons and the community based on the facts of the case, particularly the fact that he allegedly attempted to stop one of the victims of the home invasion from calling the police.

¶ 14   The court then addressed defense counsel's argument regarding the timing of the petition. The court agreed with the State that it was "kind of a ludicrous argument" because defense attorneys could wait until the 22nd day after the defendant's arrest to file the request for a bond hearing and the State would be precluded from asking that the offender should be detained. The court therefore found that the requirements had been met for Mr. Cottrell to be detained.

¶ 15   In the written orders after the detention hearing, the court found that Mr. Cottrell posed a real and present threat to the safety of any person or persons or the community where he committed multiple felonies involving strangers in their homes. The court also found that no condition or combination of conditions could mitigate the real and present threat because Mr. Cottrell committed multiple felonies and entered the homes of multiple victims to commit the felonies.

¶ 16   Mr. Cottrell filed a timely notice of appeal from the circuit court's order. We find that we have jurisdiction to consider the merits of this appeal. See 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 17                                II. ANALYSIS

¶ 18    On appeal, Mr. Cottrell contends that the court improperly considered and granted the State's detention petitions where the petitions were untimely. He maintains that the plain language of the Act does not authorize the State to petition to detain defendants who were previously ordered released on monetary bail before the effective date of the Act but remain detained because they failed to post bond. He further asserts that the State's petition was untimely because the State must file its petition "at the first appearance before a judge" or, with notice to the defendant, "within the 21 calendar days *** after arrest and release of the defendant ***." 725 ILCS 5/110-6.1(c). The State responds that the Act authorizes it to file a petition to detain when the trial court holds a hearing to review the conditions of bond under section 110-7.5(a) (725 ILCS 5/110-7.5(a) (West 2022)). These are issues of statutory interpretation that we review *de novo*. *People v. Whitmore*, 2023 IL App (1st) 231807, ¶ 5.

¶ 19    The first issue is whether the court erred in considering the State's detention petitions where the petitions were filed after Mr. Cottrell filed a motion for a hearing under section 110-5(e). Mr. Cottrell was entitled to such a hearing under section 110-7.5 of the Act which provides that any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under section 110-5(e). Section 110-5(e) in turn provides:

> "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the

appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." 725 ILCS 5/110-5(e) (West 2022).

¶ 20   Section 110-7.5 divides detainees who were arrested prior to the effective date of the Act into three separate categories:

"The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the Act. [725 ILCS 5/110-7.5(a)]. The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions, including the depositing of monetary security. *Id.* § 110-7.5(b). The third category consists of any person who remains in pretrial detention and whose bond was previously set as 'no bail.' *Id.*" (Emphasis in original.) *People v. Lippert*, 2023 IL App (5th) 230723, ¶ 9.

Like the defendant in *Lippert*, Mr. Cottrell falls into the second category. The fifth district has found that defendants who fall into the second category have two options: They may either "file a motion seeking a hearing to have their pretrial conditions reviewed anew" under the Act's amendments to the Code or they "may elect to stay in detention until such time as the previously set monetary security may be paid." *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16.

¶ 21   In this case, Mr. Cottrell chose the first option by filing a motion seeking a hearing to have his pretrial conditions reviewed anew under the Act. In doing so, he necessarily sought to "reopen" consideration of his conditions for release. *People v. Davidson*, 2023 IL App (2d) 230344, ¶ 18; 725 ILCS 5/110-5(e) (West 2022) ("If the reason for continued detention is due to the

unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall *reopen the conditions of release* hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release.") (Emphasis added.). Because Mr. Cottrell filed a motion for reconsideration of his conditions for release, that in turn permitted the State to petition the court to deny Mr. Cottrell's release. See, *Davidson*, 2023 IL App (2d) 230344, ¶ 18 (Defendant's motion seeking to remove the monetary condition from his pretrial release, "in turn, triggered consideration of defendant's pretrial release conditions under the Code *as amended by the Act*, under which, on the State's petition, the court could deny defendant's release altogether.") (Emphasis in original.); *Whitmore*, 2023 IL App (1st) 231807, ¶ 8 ("Therefore, the State may petition for the denial of pretrial release of defendants who were ordered released on bond but were still detained when the Act went into effect."); *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 15 (" 'The Code, as amended by the Act, allows the State to seek to modify pretrial release conditions, which includes filing a responding petition where the defendant moves for pretrial release.' ") (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 17). Accordingly, we find that the court appropriately considered the State's detention petitions where they were filed as responsive pleadings to Mr. Cottrell's motion to remove the financial conditions of his pretrial release.

¶ 22    This resolution also addresses Mr. Cottrell's timeliness issue under section 110-6.1(c). 725 ILCS 5/110-6.1(c)(1) (West 2022). The plain language of the Act and the authority cited above are clear that where a defendant moves to modify the conditions of his pretrial release, the State may file a responsive petition. "[O]nce a defendant elects to have their pretrial conditions reviewed

anew [citation], the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments." (Internal quotation marks omitted.) *People v. Gray*, 2023 IL App (3d) 230435, ¶ 14 (quoting *Jones*, 2023 IL App (4th) 230837, ¶ 23). Accordingly, we find that once Mr. Cottrell moved to remove the financial conditions of his pretrial release, the State was permitted to file a responsive petition to detain Mr. Cottrell and the court did not err in simultaneously considering both the motion and the petitions at a hearing. *Id.* ¶ 15.

¶ 23     Mr. Cottrell next contends that the State failed to meet its burden of proving by clear and convincing evidence that he posed a real and present threat to the safety of any person or persons or the community and that there were no conditions or combination of conditions of pretrial release that could mitigate that threat. He maintains that the State made only conclusory arguments regarding the availability of other conditions and failed to establish that he was dangerous. Mr. Cottrell asserts that the trial court only discussed aggravating factors and ignored the mitigating factors, such as the fact that Mr. Cottrell was 18 years old, had no prior felony convictions, previously attended high school, and had a stable job available to him.

¶ 24     Under the Act, we presume that all defendants are entitled to pretrial release. 725 ILCS 5/110-2(a), 6.1(e) (West 2022). The State has the burden of proving at a hearing that a defendant should be denied pretrial release. *Id.* To meet its burden, the State must prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed an offense that qualifies for pretrial detention; (2) the defendant poses a real and present threat to the safety of any person or persons in the community based on the specific and articulable facts of the case; and (3) no condition or combination of conditions of pretrial release can mitigate

the real and present threat to the safety of any person or persons in the community, based on the specific and articulable facts of the case. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2022).

¶ 25 In reviewing the trial court's order granting, denying, or setting conditions on pretrial release, we afford great deference to the trial court's factual determinations and will reverse them only if they are against the manifest weight of the evidence. *People v. Rodriguez*, 2023 IL App (3d) 230450, ¶ 8. The trial court's ultimate decision to detain or not detain, however, is reviewed for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9); *Whitmore*, 2023 IL App (1st) 231807, ¶ 18. An abuse of discretion occurs when the trial court's decision is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the trial court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 26 We first note that that Mr. Cottrell does not contest that the proof was evident or the presumption great that he committed a detainable offense. (725 ILCS 5/110-6.1(a)(1), (e)(1) (West 2022)). In its proffer, the State alleged that Mr. Cottrell committed two separate forcible felonies about a week apart involving three different victims. In one instance, Mr. Cottrell took money from the purse of a victim before fleeing and in the other he physically beat both victims when one of them attempted to call the police. The State also presented Mr. Cottrell's criminal history which showed that he was on probation for a juvenile 2022 criminal trespass to land and also had a pending misdemeanor case for assault and unlawful use of a weapon.

¶ 27 In mitigation, defense counsel argued that Mr. Cottrell was 18 years old and was attending high school. Mr. Cottrell had no prior felony convictions and lived in Chicago with his grandmother. Before being arrested, Mr. Cottrell had a job that would still be available to him if he were released from custody.

¶ 28    In granting the State's petitions, the court addressed each of the factors required under the Act. The court found that the proof was evident and the presumption great that Mr. Cottrell was a threat to the safety of any person or persons or the community because of the "random" nature of the offenses. The court found that Mr. Cottrell entered the homes of strangers and injured them or stole from them. In doing so, he committed multiple felonies. The court also noted that Mr. Cottrell allegedly attempted to stop one of the victims from contacting the police by physically attacking her.

¶ 29    Based on the proffered evidence, we cannot say that the court's findings were against the manifest weight of the evidence. See 725 ILCS 5/110-6.1(e)(2)-(3)(i) (West 2022). The arguments Mr. Cottrell advances before this court regarding his mitigating evidence is the same evidence he presented to the trial court. The court considered this mitigating evidence but ultimately found that the State satisfied its burden. On review, it is not our function to reweigh such factors and substitute our judgment for that of the circuit court. See *People v. Alexander*, 239 Ill. 2d 205, 214-15 (2010).

¶ 30    We briefly note that Mr. Cottrell argues that the court erred in detaining him because the State did not "even attempt to meet its burden" of showing that no condition or combination of conditions of pretrial release could mitigate Mr. Cottrell's threat to the community. Section 110-5 outlines factors for the court to consider in determining the conditions of release. These factors include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, and whether the defendant was on probation at the time of the offense. 725 ILCS 5/110-5(a)(1), (2), (3)(B), (4) (West 2022).

¶ 31    In its petition, and in its proffer, the State alleged that Mr. Cottrell should be detained because of the violent nature of the charged offenses, which occurred in the victims' own homes. The State noted that Mr. Cottrell was on probation at the time of the offenses. One witness

positively identified Mr. Cottrell as the perpetrator in the residential burglary case and two witnesses and a building security guard identified him as the perpetrator in the home invasion case. Based on the proffer, the court found that no condition or combination of conditions of pretrial release could mitigate Mr. Cottrell's threat to the community. We therefore find Mr. Cottrell's contention that the State failed to "even attempt" to meet its burden unfounded.

¶ 32    Accordingly, we find that there were sufficient facts to support the circuit court's conclusion that the State proved by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community and we find no abuse of discretion in the court's decision to grant the State's petitions to detain Mr. Cottrell.

¶ 33                                III. CONCLUSION

¶ 34    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 35    Affirmed.