NOTICE

Decision filed 01/12/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230824-U

NO. 5-23-0824

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Wayne County. |
| | ) | |
| v. | ) | No. 23-CF-173 |
| | ) | |
| JEFFREY T. BOYD, | ) | Honorable |
| | ) | Sonja L. Ligon, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justice Boie concurred in the judgment.
Presiding Justice Vaughan specially concurred.

**ORDER**

¶ 1    *Held*:   Because the State's petition for pretrial detention was untimely pursuant to section 110-6.1(c)(1), the circuit court did not have the authority to detain the defendant; therefore, we reverse the circuit court's order and remand for further proceedings.

¶ 2    The defendant, Jeffrey Boyd, appeals the Wayne County circuit court's order regarding his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act).[1] See Pub.

_____

[1]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).[2]

¶ 3    On September 14, 2023, the State charged the defendant by information with aggravated possession of a stolen firearm (720 ILCS 5/24-3.9(a)(4) (West 2022)) and residential burglary (*id.* § 19-3(a)). Defendant's bond was set at $100,000, requiring the deposit of 10%, and counsel was appointed to represent him.

¶ 4    On September 18, 2023, the effective date of the Act, the State filed a verified petition to detain the defendant pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). At the hearing on that petition, the State proffered that the evidence would show that the three gun safes were emptied at a residential home, and a lengthy recitation of facts to support that the defendant stole the guns, including witness statements. Because of the "volume of the guns and ammunition," 25 to 50 long guns and pistols with approximately 7000 rounds of ammunition, the State argued the defendant was a threat to the community and should be detained. Defense counsel argued that the State did not prove that the proof was evident or the presumption great that the defendant committed the offenses. A witness, the defendant's mother, also testified that she needed care from the defendant.

¶ 5    The circuit court found that the offenses were detainable, the proof was evident and the presumption great that the defendant committed the offenses, and the defendant posed a threat to a person or persons in the community. The court also found that there were not any conditions or any combination of conditions that could mitigate the real and present danger posed by the

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before January 5, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

defendant. The court entered its order that the defendant should remain detained, from which the defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 6     On appeal, the defendant contends that because he had been ordered released on cash bond prior to the effective date of the Act, the State lacked the authority to petition for detention, and the circuit court thus erred in detaining him. The defendant asks this court to reverse the circuit court's detention order and remand for further proceedings.

¶ 7     On December 8, 2023, the State filed a motion to dismiss the defendant's appeal, arguing that the notice of appeal did not include grounds for the relief requested. The notice of appeal is jurisdictional, and pursuant to Illinois Supreme Court Rule 604(h)(2), the defendant may also file a memorandum. Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023). Here, the defendant filed a supporting memorandum, including the grounds for the relief requested in the notice of appeal. Accordingly, the State's motion to dismiss the appeal is denied.

¶ 8     The defendant argues that the State was not permitted to file a petition to detain him due to the timing requirements of section 110-6.1(c)(1) of the Code (725 ILCS 110-6.1(c)(1) (West 2022)). The defendant was charged on September 14, 2023, before the Act took effect. Bond was set at $100,000 and the defendant was eligible to be released on bail if he posted 10% of that amount. He was apparently not able to post the 10% and remained in jail when the Act took effect.

¶ 9     The Code separates those persons who were arrested before the Act took effect into three categories. See *id.* § 110-7.5. The defendant belongs to the second category—persons who remain in pretrial detention after being ordered released with pretrial conditions. *Id.* § 110-7.5(b). Section 110-7.5(b) provides that "any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.* Section 110-5(e) provides:

3

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. *** The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 10 As discussed in this court's *People v. Rios* opinion, defendants who were arrested before the Act took effect have two options:

"Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have their pretrial conditions reviewed anew. Alternatively, a defendant may elect to stay in detention until such time as the previously set monetary security may be paid. A defendant may elect this option so that [he or she] may be released under the terms of the original bail." *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16.

When the defendant asks the court for pretrial release pursuant to the Code, the defendant is asking the circuit court to review appropriate pretrial conditions again. *Id.* At that point, " 'the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' " *People v. Gray*, 2023 IL App (3d) 230435, ¶ 14 (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23).

¶ 11 Section 110-6.1 addresses the subject of "denial of pretrial release." Section 110-6.1(c)(1) discusses the timing of the State's petition asking the court to deny pretrial release.

"A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days, except as provided in Section 110-

4

6, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." 725 ILCS 5/110-6.1(c)(1) (West 2022).

¶ 12    The defendant argues that the State's verified petition asking the court to hold him in pretrial detention was not timely pursuant to section 110-6.1(c)(1) because the petition was filed after his first appearance before a judge. *Id.* This issue was recently addressed in *Rios*, 2023 IL App (5th) 230724, which we find dispositive.

¶ 13    In *Rios*, the defendant was arrested prior to the effective date of the Act. *Id.* ¶ 3. The circuit court set the defendant's bond and ordered other conditions of pretrial release. *Id.* The defendant remained in pretrial detention following the effective date of the Act. *Id.* ¶ 5. The State filed a petition to deny the defendant's pretrial release. *Id.* The circuit court, finding that the defendant should be detained under the dangerousness standard, granted the State's petition, and the defendant appealed. *Id.* ¶¶ 5-6. The *Rios* court found that the plain language of the Code in section 110-6.1(c)(1) provided a deadline for the State to file a petition to detain a defendant but that none of the exceptions to the deadline applied to defendants who remained in pretrial detention following the effective date of the Act. *Id.* ¶¶ 10-12. Thus, the court in *Rios* found that the State's petition to detain under section 110-6.1(c)(1) was untimely. *Id.* ¶ 12.

¶ 14    Based on our review of the record, and any memoranda submitted, we find that because the State's petition for pretrial detention was untimely pursuant to section 110-6.1(c)(1), the circuit court did not have the authority to detain the defendant.

¶ 15    Therefore, we reverse the circuit court's order and remand for further proceedings.

¶ 16    Reversed and remanded.

¶ 17    PRESIDING JUSTICE VAUGHAN, specially concurring:

¶ 18    I agree the State's verified petition was untimely filed under section 110-6.1(c). However, I write separately to address the majority's reliance on *People v. Gray*, 2023 IL App (3d) 230435, ¶ 14 (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23), for the proposition that " 'that matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' "

¶ 19    First, the *Jones* decision reached an opposite conclusion to that presented in *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16, and *People v. Vingara*, 2023 IL App (5th) 23098, ¶ 23. See *Jones*, 2023 IL App (4th) 230837, ¶¶ 19-22 (respectfully disagreeing with the decisions in *Rios* and *Vingara* finding that the State's petitions were untimely filed). The decision in *Jones* specifically found that the State was *not* barred by the timing restrictions in section 110-6.1(c) and found "the statutory interpretation in *Vingara* and *Rios* leads to absurd results." *Id.* ¶¶ 20-21. The *Jones* court further stated that "the holdings in *Vingara* and *Rios* prevent the State from responding to a defendant's motion for pretrial release" (*id.* ¶ 23) and then goes on to presciently note the irreconcilability of the decisions by stating, "However, following the logic presented in those cases, once a defendant elects 'to have their pretrial conditions reviewed anew' [citation], the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments." *Id.* The *Jones* court clearly questioned the validity of the *Rios* and *Vingara* decisions, and therefore, my colleagues' reliance on this decision, or any other case quoting *Jones*, is confounding.

¶ 20    Second, I believe *Jones* incorrectly states that the case "goes back to the proverbial square one." While the State may argue for increased conditions when defendant files a motion to modify pretrial conditions, the statute does not allow for the State to request detention as if the case were newly filed. The statute only allows the State to bring a verified petition requesting detention "at

6

the first appearance before a judge, or within the 21 calendar days *** after arrest and release of the defendant upon reasonable notice to defendant" (725 ILCS 5/110-6.1(c)(1) (West 2022)) or if the State presents "a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition" (*id.* § 110-6.1(d)(2)).

¶ 21    The State is similarly limited to certain circumstances in order to file a petition to revoke pretrial release and request detention. *Id.* § 110-6(a). Those circumstances require the defendant to have been previously granted pretrial release for a felony or Class A misdemeanor and later be charged with a felony or Class A misdemeanor that occurred while defendant was on pretrial release or if the defendant was previously provided pretrial release conditions and is charged with violation of a protective order or was previously convicted of a violation of a protective order and the subject of the protective order is the same person as the victim in the current matter. *Id.* All other defendants may not have their pretrial release revoked and the court's authority is limited to imposing sanctions for violations of pretrial release (*id.* § 110-6(b)-(d)), which include a written or verbal admonishment, a modification of defendant's pretrial conditions, or imprisonment in the county jail for a period not exceeding 30 days (*id.* § 110-6(f)).

¶ 22    What is important to note is that the State had the authority to request the detention of defendant before the effective date of the Act. *Id.* § 110-6.1(a). Here, by deciding not to file a petition requesting pretrial detention at defendant's first appearance, the State acquiesced in allowing defendant's pretrial release. To allow the State to later request detention, in response to a defendant's motion to modify conditions of release—without some intervening event—has no basis in either the current or former statute. See *id.* § 110-6.1(a) (only allowing for verified petition by the State to deny bail if petition is filed at the first appearance or within 21 calendar days after defendant's arrest and release); *id.* § 110-6.1(c)(1) (same); *id.* § 110-6(f) (allowing for revocation

7

of bail if defendant committed a forcible felony or Class 2 or greater offense under an Act related to controlled substances, cannabis, or methamphetamine, or statutorily listed charges involving aggravated battery and unlawful restraint against the same victim that is a family or household member of the previous charge); *id.* § 110-6 (allowing revocation of pretrial release for defendants who have been previously granted pretrial release for a felony or Class A misdemeanor and later charged with a felony or Class A misdemeanor that occurred while defendant was on pretrial release or if the defendant was previously provided pretrial release conditions and is charged with violation of a protective order or was previously convicted of a violation of a protective order and the subject of the protective order is the same person as the victim in the current matter).

¶ 23    As such, the "proverbial square one" is a misnomer. Timeliness for requesting a defendant's detention has, in modern times, always been required early in the case. 725 ILCS 5/110-6.1(a) (West 2022); 725 ILCS 5/110-6.1(a) (West 2020). Requesting detention is not a moving target that depends on whether the defendant later files for a modification of pretrial release conditions. The State's opportunity to determine whether it wishes to allow for pretrial release (which previously included bail), or request detention of the defendant is limited under both the current and prior statutes. Similarly, under both the prior and current statute, a petition to revoke pretrial release has always required an intervening event. Compare 725 ILCS 5/110-6(a) (West 2022) with 725 ILCS 5/110-6(a) (West 2020).

¶ 24    For these reasons, I specially concur.