NOTICE
Decision filed 01/14/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231317-U

NO. 5-23-1317

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| AHRMA EXCHANGE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 22-MR-55 |
| | ) | |
| CHRISTIAN COUNTY DEVELOPMENT | ) | |
| CORPORATION, FRANKLIN PARTNERS LEASING, | ) | |
| LLC, JACKSON PINES, LLC, ROTHSCHILD | ) | |
| ASSOCIATED, LLLC, TUDOR BUILDING MASTER | ) | |
| TENANT, LLC, 1818 WASHINGTON MASTER | ) | |
| TENANT, LLL, AND 1900 WASHINGTON | ) | |
| PARTNERS, LLC, | ) | Honorable |
| | ) | Bryan M. Kibler, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justice McHaney concurred in the judgment.*

**ORDER**

¶ 1    *Held*:    We reverse the judgment of the circuit court dismissing the plaintiff's declaratory action where subsections K and L of the Management Liability Form Coverage excludes coverage of the underlying lawsuit.

¶ 2    On August 26, 2022, the plaintiff, AHRMA Exchange, an insurance company, filed a complaint for declaratory judgment in the circuit court of Christian County, Illinois, and an

_____
*Justice Moore fully participated in the decision prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992).

1

amended complaint on May 2, 2023. The amended complaint sought the circuit court's determination on whether the plaintiff owed a duty to defend or indemnify the defendant, Christian County Development Corporation (CCDC), pursuant to policy number AHl2019121002 (Policy), concerning a lawsuit filed in the Circuit Court of the City of St. Louis, State of Missouri, matter number 2222-CC04858 (underlying lawsuit). On November 17, 2023, the circuit court found that the plaintiff had no duty to defend or indemnify under the General Liability Form Coverage provision of the Policy, but that the plaintiff did have a duty under the Management Liability Form Coverage, since none of the exclusions to that coverage applied. As such, the circuit court ruled in favor of the defendants and dismissed the plaintiff's amended complaint. For the following reasons, we reverse the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      The underlying lawsuit was filed against CCDC by the nominal parties to this action: the defendants, Franklin Partners Leasing, LLC; Jackson Pines, LLC; Rothschild Associated, LLC; Tudor Building Master Tenant, LLC; 1818 Washington Master Tenant, LLC; and 1900 Washington Partners, LLC (collectively, nominal defendants). The underlying lawsuit alleged claims of breach of contract and negligence against CCDC concerning its care and competence in managing various properties under certain management agreements that CCDC had entered into with the nominal defendants.

¶ 5      On May 2, 2023, the plaintiff filed an amended complaint for declaratory judgment seeking a determination by the circuit court on whether the plaintiff owed a duty to defend or indemnify CCDC regarding the underlying lawsuit. The plaintiff's amended complaint alleged that there was no duty to defend or indemnify CCDC in the underlying lawsuit because the Policy issued to CCDC did not provide, and specifically excluded, coverage for the underlying lawsuit. In the

2

interest of brevity, and for ease of reference, we will set forth the Policy's provisions at issue in this appeal in our analysis below.

¶ 6 On June 1, 2023, CCDC filed an answer to the plaintiff's amended complaint and a motion for judgment on the pleadings pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). The plaintiff filed a response to CCDC's motion for judgment on the pleadings and a cross-motion for judgment on the pleadings on July 20, 2023. The circuit court conducted a hearing on the motions on August 4, 2023, and took the matter under advisement.

¶ 7 By docket entry on November 17, 2023, the circuit court found that the plaintiff had no duty to defend CCDC under the General Liability Form Coverage provisions of the Policy but held that none of the exclusion provisions of the Management Liability Form Coverage of the Policy applied. The circuit court stated that CCDC was being sued by the nominal defendants in the State of Missouri for how it manages and operates its holding in that State and that it took out an insurance policy in case of such an event. The circuit court further stated that it had reviewed the different pleadings and the underlying lawsuit and could not find where any of the exclusions to the Management Liability Form Coverage applied. Therefore, the circuit court ruled in favor of the defendants on the pleadings and dismissed the plaintiff's amended complaint for declaratory judgment. The plaintiff filed a timely notice of appeal on December 14, 2023.

¶ 8                                  II. ANALYSIS

¶ 9 On appeal, the plaintiff raises the sole issue of whether the circuit court erred in finding that the exclusion provisions of the Management Liability Form Coverage did not exclude coverage for the claims filed against CCDC in the underlying lawsuit. The plaintiff argues that both subsections K and L of section "VI. EXCLUSIONS" of the Management Liability Form Coverage specifically exclude coverage, and that subsections A, B, E, M, and N of the exclusions

3

either exclude coverage, or potentially exclude coverage, such that the factual issue cannot be resolved through a motion for judgment on the pleadings.

¶ 10    Before proceeding with our analysis, we note the plaintiff's lack of relevant authority within its arguments. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), requires that arguments shall contain "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." The plaintiff cites relevant authority for the standard of review on this issue. However, under the first section of the plaintiff's arguments, Management Liability Form Coverage Part Provisions, the plaintiff cites one case from the Superior Court of Connecticut, *National Waste Associates, LLC v. Travelers Casualty and Surety Company of America*, 51 Conn. Supp. 369 (2008), and then has several references to a commercial insurance blog. Under the plaintiff's argument regarding subsection L, the plaintiff cites a single case in support of its argument, *Associated Community Bancorp Inc. v. The Travelers*, 2010 WL 1416842, an unpublished decision from the United States District Court, Connecticut. The plaintiff's brief has no other citations to authority within its remaining arguments.

¶ 11    Decisions of the federal courts, other than the United States Supreme Court, are not binding on Illinois courts. *Mekertichian v. Mercedes-Benz U.S.A., LLC*, 347 Ill. App. 3d 828, 836 (2004). This court is also not bound to follow decisions from other states. *Travel 100 Group, Inc. v. Mediterranean Shipping Co. (USA) Inc.*, 383 Ill. App. 3d 149, 157 (2008). The plaintiff's reliance on *Associated Community Bancorp, Inc.*, is also misplaced since it is an interpretation of an insurance contract under Connecticut law. The plaintiff gives no indication that controlling precedent, after a diligent search, could not be located. At most, the plaintiff may cite these decisions as persuasive authority. The plaintiff, however, does not acknowledge these cases as nonbinding precedent, nor does it request this court to consider the reasoning of these cases as

4

persuasive authority. Further, directing this court to a commercial insurance blog site, with no citation to the record to demonstrate that the information on the site was considered by the circuit court, is unacceptable. See generally *People v. Benford*, 31 Ill. App. 3d 892, 894 (1975) ("the purpose of review is to evaluate the record of the trial court, and, in general, the review will be limited to what appears in the record."). Although this court may take judicial notice of readily verifiable facts from sources of indisputable accuracy, information on a commercial insurance blog is not a source of indisputable accuracy. See generally *Mad Cow Oil Company v. H&R. Oil Properties, Inc.*, 2025 IL App (5th) 240895-U, ¶ 23 (circuit court erred in relying on information from website to interpret the meaning of parcel documents).

¶ 12    A failure to cite relevant authority violates Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and may cause a party to forfeit the issue on appeal. *Fortech, L.L.C. v. R.W. Dunteman Co.*, 366 Ill. App. 3d 804, 818 (2006). "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Rule 341, however, is not a limitation on this court's jurisdiction, but an admonishment to the parties. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. As such, this court may consider improperly raised issues where the issues are evident, and the merits of the appeal can be readily ascertained from the record on appeal. See *id.*; see also *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A reviewing court may also reverse or affirm on any grounds supported by the record. *County of Kankakee v. Anthony*, 304 Ill. App. 3d 1040, 1048 (1999). Thus, we have elected to proceed with the merits of this appeal.

¶ 13    We review *de novo* a ruling on a motion for judgment on the pleadings pursuant to section 2-615. *Randall v. Lemke*, 311 Ill. App. 3d 848, 850 (2000). All well-pleaded facts and reasonable

inferences therefrom are taken as true, and we will only consider those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions contained in the record. *Gillen v. State Farm Mutual Auto. Ins. Co.*, 215 Ill. 2d 381, 385 (2005). "Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Id.*

¶ 14    The construction of an insurance policy is a question of law that we also review *de novo*. *Illinois State Bar Ass'n Mutual Insurance Co. v. Leighton Legal Group, LLC*, 2018 IL App (4th) 170548, ¶ 40. "When determining whether an insurance provider has a duty to defend its insured in a lawsuit, a court should generally apply an 'eight corners rule.' " *Farmers Automobile Insurance Ass'n v. Country Mutual Insurance Co.*, 309 Ill. App. 3d 694, 698 (2000). That is, the court compares the four corners of the underlying complaint with the four corners of the insurance contract. *Id.* If the facts alleged in the underlying complaint fall within, or potentially within, the insurance policy's coverage, the insurer's duty to defend is triggered. *Pekin Insurance Co. v. St. Paul Lutheran Church*, 2016 IL App (4th) 150966, ¶ 63.

¶ 15    "The primary objective when construing the language of an insurance policy is to ascertain and enforce the intentions of the parties as expressed in their agreement." *Illinois State Bar Ass'n Mutual Insurance Co.*, 2018 IL App (4th) 170548, ¶ 40. The terms of the policy are given their plain and ordinary meaning where language is clear and unambiguous. *County Mutual Insurance Co. v. Oehler's Home Care, Inc.*, 2019 IL App (4th) 190080, ¶ 59. We strictly construe any ambiguities or provisions that limit or exclude coverage against the insurer who drafted the policy and liberally in favor of the insured. *Id.* A court must construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. *Id.* "If an insurer relies on an exclusionary clause to deny coverage, it must be clear

and free from doubt that the exclusionary clause applies." *Illinois State Bar Ass'n Mutual Insurance Co.*, 2018 IL App (4th) 170548, ¶ 37.

¶ 16    Here, the plaintiff argues that subsections K and L under the exclusionary clause of the Management Liability Form Coverage specifically exclude coverage of the underlying lawsuit. Those provisions state as follows:

"VI. **EXCLUSIONS**

We shall not be liable to make any payments for "loss" in connection with any "claim" made against any 'Insured':

\* \* \*

K. Based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving, the service of any "Insured" for any person or entity other than those listed on the Declarations;

L. Based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving, the rendering or failure to render by any 'Insured' any opinion, treatment, consultation or service if such opinion, treatment, consultation or service was rendered or not rendered:

1. For compensation from any source other than the 'Insured';"

¶ 17    The plaintiff states that CCDC is an "Insured" and is the only person or entity listed on the Management Liability Form Coverage's declarations. The underlying lawsuit involves allegations related to the services performed, or failed to perform, by CCDC in its management of certain properties that it was contractually required to perform under the various property management agreements with the nominal defendants. Since the nominal defendants are not listed on the Management Liability Form Coverage's declarations, the plaintiff argues that CCDC services to

the nominal defendants were for a "person or entity other than those listed on the Declarations." As such, the plaintiff argues that the plain language of subsection K excludes coverage of the underlying lawsuit. The plaintiff further argues that since CCDC was compensated by the nominal defendants, a source other than the "Insured", subsection L also excludes coverage of the underlying lawsuit.

¶ 18    CCDC argues that the plaintiff's pleadings fail to provide sufficient support that there is no doubt the exclusionary clauses of the Management Liability Form Coverage apply to deny coverage. On appeal, CCDC argues that subsections K and L create ambiguity because viewing the policy as a whole, "excluding any execution of contractual duties from coverage is at odds with the purpose and intent of the policy, thus creating ambiguity." The plaintiff notes that CCDC did not raise the argument of ambiguity in the circuit court and requests that this court find the argument forfeited.

¶ 19    Generally, arguments not raised in the circuit court are forfeited on appeal. *U.S. Bank Trust, N.A. v. Colston*, 2015 IL App (5th) 140100, ¶ 20. General forfeiture principles, however, may be overlooked in a civil case and a reviewing court may consider an issue not raised below if the issue is one of law, is fully briefed, and has been argued by the parties. *Forest Preserve District of Du Page County v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 28. Further, forfeiture is a limitation on the parties and not the reviewing court. *People v. Gray*, 2023 IL App (3d) 230435, ¶ 9. Here, the construction of an insurance contract is a question of law, and the parties have fully briefed and argued the issue. Therefore, we will decline to apply forfeiture in this matter, but caution CCDC that forfeiture will normally be applied if the argument is not clearly raised in the lower court.

8

¶ 20   Our review of the Policy demonstrates that it is comprised of several form coverages including, but not limited to, Commercial General Liability; Hired and Non-Owned Automobiles; Comprehensive Equipment Coverage; Business Income and Extra Expense; Employee Benefits Liability; and Management Liability. Each coverage form has a "Declarations" and some coverage forms have endorsements and/or addendums that apply to that specific coverage form. For example, by endorsements, all the nominal defendants are listed as additional insured under the General Liability Form Coverage. The only form coverage at issue in this appeal is the Management Liability Form Coverage, and the Management Liability Form Coverage's declarations list only CCDC as the name of the insured.

¶ 21   Whether an ambiguity exists depends on whether the policy language is subject to more than one reasonable interpretation. *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). Subsection K states that the plaintiff will not be liable to make any payments for loss, "[b]ased upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving, the service of any 'Insured' *for any person or entity other than those listed on the Declarations*." (Emphasis added.) Thus, because CCDC is the only entity listed in the declarations, the plain language of subsection K limits coverage under the Management Liability Form Coverage to services performed by CCDC for CCDC.

¶ 22   Subsection L states that the plaintiff will not be liable to make any payments for loss if the loss resulted from, directly or indirectly, the rendering of, or the failure to render, services "*for compensation from any source other than the insured*." (Emphasis added.) Therefore, the plain language of subsection L excludes coverage of loss resulting from services performed, or failed to be performed, by CCDC for compensation from any person or entity other than CCDC.

¶ 23    The underlying lawsuit alleged claims of breach of contract and negligence against CCDC concerning its management of various properties under certain management agreements that CCDC had entered into with the nominal defendants. The underlying lawsuit further stated that the nominal defendants had "substantially paid all sums due under these property management agreements" to CCDC. Comparing the four corners of the underlying lawsuit with the four corners of the Management Liability Form Coverage, demonstrates that subsections K and L exclude coverage since the underlying lawsuit involves services that were performed, or failed to be perform, by CCDC for entities other than CCDC, and CCDC was compensated by entities other than CCDC.

¶ 24    CCDC argues that "excluding any execution of contractual duties from coverage is at odds with the purpose and intent of the policy, thus creating ambiguity," but CCDC does not argue that the language of either subsection K or L is ambiguous or subject to more than one reasonable interpretation. Further, in viewing the policy as a whole, the nominal defendants were added by endorsement to the General Liability Form Coverage, thereby indicating that they were required to be listed as a named insured on the declarations for the General Liability Form Coverage in order for the provisions of that form coverage to be applicable to the nominal defendants. The nominal defendants were not listed, by endorsement or otherwise, in the Management Liability Form Coverage.

¶ 25    As previously stated, where the language is clear and unambiguous, we give the terms of the policy their plain and ordinary meaning. *County Mutual Ins. Co.*, 2019 IL App (4th) 190080, ¶ 59. In this matter, the plain language of subsections K and L exclude coverage for the underlying lawsuit since the services performed, or failed to be performed, by CCDC were for entities other than CCDC and CCDC was compensated for the services by entities other than CCDC.

¶ 26     While we agree with the circuit court that the overall purpose of the Policy was to cover loss due to CCDC's property management operations, the plain language of subsections K and L of the Management Liability Form Coverage exempts coverage of the underlying lawsuit under that form coverage. Since we have determined that subsections K and L exclude coverage of the underlying lawsuit, we need not address any arguments regarding subsections A, B, E, M, and N of the exclusions section of the Management Liability Form Coverage. We further make no determinations regarding any other form of coverage provided in the Policy.

¶ 27     Because we have determined that subsections K and L of the Management Liability Form Coverage exclude coverage of the underlying lawsuit, we find that the circuit court erred in dismissing the plaintiff's cause of action. Therefore, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 28                                   III. CONCLUSION

¶ 29     Based on the foregoing, we reverse the judgment of the circuit court dismissing the plaintiff's declaratory action.


¶ 30     Reversed and remanded.