# Illinois Official Reports

## Supreme Court

***People v. Denson*, 2014 IL 116231**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DARREN DENSON, Appellant. |
| Docket No. | 116231 |
| Filed | November 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An *in limine* issue is preserved for review by bringing it to the trial court's attention one additional time—by contemporaneous objection in a civil case or by posttrial motion in a criminal case; and a murder defendant who made no contemporaneous trial objection after unsuccessfully responding to the State's motion *in limine* to admit statements preserved the issue for review when he subsequently made a motion for a new trial—forfeiture theory rejected. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Kane County, the Hon. Timothy Q. Sheldon, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien and Christopher McCoy, of the Office of the State Appellate Defender, of Elgin, for appellant. |
| | |
| | Lisa Madigan, Attorney General, of Springfield, and Joseph H. McMahon, State's Attorney, of St. Charles (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Leah M. Bendik, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| | |
| Justices | JUSTICE THOMAS delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Freeman, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1 Following a jury trial in the circuit court of Kane County, defendant, Darren Denson, was convicted of first degree murder (720 ILCS 5/9-1(a)(2) (West 2002)), armed robbery (720 ILCS 5/18-2(a)(1) (West 2002)), and home invasion (720 ILCS 5/12-11(a)(1) (West 2002)). The trial court sentenced him to natural life in prison for the first degree murder, consecutive to two concurrent terms of 30 years in prison for the other two counts. Defendant appealed, and the appellate court affirmed. 2013 IL App (2d) 110652. We granted defendant's petition for leave to appeal (Ill. S. Ct. R. 315(a) (eff. July 1, 2013)) and for the reasons that follow, now affirm the judgment of the appellate court.

¶ 2                          BACKGROUND

¶ 3 Defendant was charged by indictment with the February 2003 murder of Kyle Juggins. Prior to trial, the State filed a six-page motion *in limine* to admit certain hearsay statements made by defendant's coconspirators. Defendant filed a five-page written response objecting to the admission of those statements. The trial court then held a hearing on the State's motion, and both sides were given the opportunity to argue before the court. The trial court granted the State's motion, and the matter eventually proceeded to trial. The jury found defendant guilty on all counts, and defendant filed a posttrial motion alleging several errors, including the trial court's pretrial granting of the State's motion *in limine*. The trial court denied the motion and imposed sentence. Defendant filed a timely appeal.

¶ 4 On appeal, defendant argued that the trial court erred in (1) admitting the coconspirator statements that were the subject of the State's motion *in limine*, and (2) allowing the State to elicit a prior consistent statement from one of its witnesses. With respect to defendant's first argument, the appellate court held that defendant forfeited review of this issue both because he (1) failed to file a motion *in limine* of his own to exclude those statements; and (2) failed to raise a contemporaneous objection when the State introduced those statements at trial. 2013 IL App (2d) 110652, ¶¶ 7-10. The appellate court then held that, even if defendant had *not* forfeited the issue, he still was not entitled to relief because, with one harmless exception,

all of the contested statements, including the prior consistent statement, were properly admitted. *Id.* ¶¶ 11-29. Accordingly, the appellate court affirmed defendant's conviction and sentence. *Id.* ¶¶ 32-33.

¶ 5     Defendant now appeals to this court, arguing that the appellate court erred both in (1) holding that defendant forfeited review of the admissibility of the coconspirator statements, and (2) holding that two of those statements, as well as the contested prior consistent statement, were properly admitted.

¶ 6     DISCUSSION

¶ 7     Forfeiture

¶ 8     We begin with whether defendant forfeited review of the trial court's decision to admit the statements that were the subject of the State's motion *in limine*. As noted above, the appellate court's forfeiture determination was based on two independent considerations: (1) defendant's failure to file a motion *in limine* of his own to *exclude* the statements at issue, and (2) defendant's failure to raise a contemporaneous objection when the statements at issue were admitted at trial. Whether these failures resulted in a forfeiture is a question of law, and our review therefore is *de novo*. *People v. Lara*, 2012 IL 112370, ¶ 16.

¶ 9     *Motion in Limine*

¶ 10     With respect to the appellate court's first consideration, the State makes no attempt in this court to defend either the appellate court's analysis or its conclusion. Instead, the State simply concedes that "the appellate court's first reason—that defendant filed a response to a motion *in limine* rather than his own motion—does not justify a finding of forfeiture." In other words, on this point, the parties agree fully that the appellate court erred. That said, the State's concession on this point does not end the matter, as this court is not bound by a party's concession. See *People v. Horrell*, 235 Ill. 2d 235, 241 (2009). Rather, in a case such as this, involving a pure question of law, we are wise to examine for ourselves whether the concession is well-founded, which in this case it decidedly is.

¶ 11     In criminal cases, this court has held consistently that a defendant preserves an issue for review by (1) raising it in either a motion *in limine* or a contemporaneous trial objection, and (2) including it in the posttrial motion. See *People v. Cox*, 195 Ill. 2d 378, 382 (2001); *People v. Hudson*, 157 Ill. 2d 401, 434-35 (1993); *People v. Boclair*, 129 Ill. 2d 458, 476 (1989). Here, the State filed a six-page motion *in limine* to admit certain statements in its case against defendant. In response to the State's motion, defendant filed a five-page written objection arguing why the statements at issue were inadmissible. The trial court then held a hearing on the State's motion, and defense counsel once again had the opportunity to argue against the admissibility of the contested statements. At the conclusion of the hearing, the trial court allowed the State's motion. Later, following his conviction, defendant filed a motion for a new trial arguing, *inter alia*, that the trial court erred in granting the State's motion *in limine*. In short, defendant did everything that cases such as *Cox*, *Hudson*, and *Boclair* require, and we therefore hold that he properly preserved his objection to the admissibility of the contested statements.

¶ 12     The appellate court below reached the opposite conclusion. And one of its reasons for reaching that conclusion is that, rather than objecting to the admissibility of the contested

statements in a motion *in limine* of his own, defendant did so in response to the State's motion *in limine* to admit those statements. According to the appellate court, this was insufficient because, under this court's settled precedent, it is a motion *in limine* that preserves an issue for review, not a *response to* a motion *in limine*. On this point, the appellate court was quite critical of the decision in *People v. Maldonado*, 398 Ill. App. 3d 401 (2010), which held that the defendant in that case preserved the issue for review "when he raised it in both his reply to the State's motion *in limine* and in his posttrial motion." *Id*. at 415. According to the appellate court:

> "In a single paragraph, *Maldonado* morphs the law from 'the supreme court holding that raising an issue in a motion *in limine* is sufficient to preserve an issue so long as it is also raised in the posttrial motion' to 'because defendant did object to the introduction of this evidence both in his reply to the State's motion *in limine* and in his posttrial motion, we conclude that this issue was sufficiently preserved.' [*Maldonado*, 398 Ill. App. 3d at 416.] This *non sequitur* is a patent distortion of a supreme court holding, made with no analysis or purported justification for the expansion of the supreme court's holding. We are unaware of any case prior to *Maldonado* that holds that raising an issue in a reply to the State's motion *in limine*, rather than in the defendant's motion, is sufficient for preservation of the issue. To the extent that *Maldonado* so holds, we disavow that holding." 2013 IL App (2d) 110652, ¶ 8.

In other words, according to the appellate court, the dispositive factor in determining whether an issue is preserved for review is not whether that issue was the subject of *in limine* litigation, but rather which party filed the pleading that precipitated the *in limine* litigation.

¶ 13    With due respect to the appellate court, we are convinced that the above analysis elevates form over substance to an unwarranted and unnecessary degree. Far from being a "*non sequitur*," *Maldonado*'s holding is simply a commonsense application of a settled principle to a specific set of facts. This court's forfeiture rules exist to encourage defendants to raise issues in the trial court, thereby ensuring both that the trial court has an opportunity to correct any errors prior to appeal and that the defendant does not obtain a reversal through his or her own inaction. See, *e.g.*, *People v. Herron*, 215 Ill. 2d 167, 175 (2005); *People v. Reid*, 136 Ill. 2d 27, 38 (1990). In light of this, the critical consideration in a case such as this is not which party initiated the *in limine* litigation, but rather whether the issue being raised was litigated *in limine*. This is because, irrespective of which party initiates the *in limine* proceeding, as long as it occurs, the interests served are exactly the same. Here, for example, the trial court was asked before trial to rule upon the admissibility of certain statements. The State fully briefed the arguments for their admissibility, and defendant fully briefed the arguments for their *in*admissibility. A hearing then was held at which both sides again presented their best arguments to the trial court, and based upon all it had read and heard, the trial court ruled. Under these circumstances, requiring defendant to recaption and refile his response to the State's motion as a motion *in limine* of his own would accomplish precisely nothing, other than to clutter the record with duplicative pleadings. The arguments raised in defendant's motion would be exactly the same as those raised in his response to the State's motion, and the arguments advanced at the hearing on defendant's motion would be exactly the same as those advanced at the hearing on the State's motion. The purpose of *Cox*, *Hudson*, and *Boclair* is not to ensure that pretrial evidentiary issues are litigated twice.

Rather, the point of these cases is to ensure that, whether by contemporaneous trial objection or *in limine* litigation, the trial court is given a full and fair opportunity to consider and rule upon the issue. That is exactly what happened here, and as defendant also raised the issue in a timely filed posttrial motion, nothing more than that was required.

¶ 14                              *Contemporaneous Objection*

¶ 15    The second basis for the appellate court's forfeiture finding is the fact that defendant did not object when the statements at issue in the State's motion *in limine* were admitted into evidence at trial. According to the appellate court, "the denial of a motion *in limine* does not in itself preserve an objection to disputed evidence that is later introduced at trial; a contemporaneous objection to the evidence at the time that it is offered is required to preserve the issue for review." 2013 IL App (2d) 110652, ¶ 9 (citing *Simmons v. Garces*, 198 Ill. 2d 541, 569 (2002)). This time, the State agrees fully with the appellate court's analysis and asks us to affirm the forfeiture finding on this basis.

¶ 16    Before addressing the merits of this portion of the appellate court's forfeiture analysis, we are compelled to make an observation concerning the State's conduct in the trial court relative to the position it now takes in this court. At the hearing on the State's motion *in limine*, the trial court observed that, in an earlier trial involving one of defendant's codefendants, the State chose to address the admissibility of the coconspirator statements during trial rather than in a motion *in limine*. In response to that observation, the State explained:

> "That is true, Judge. And that is one thing I wanted to avoid in this trial, especially that trial was a bench trial. Not that it makes a difference, but that trial was a bench trial. It was one of those things, you could stop the flow of the trial a little bit easier to make that—for a judge to make that finding. With a jury trial here, I wanted to make sure this was all out there beforehand; *and that when we tried to get in one [of] these statements, there wasn't an objection and we had to send the jury out for an hour while we argued this*, et cetera. I wanted to bring to the court's attention beforehand." (Emphasis added.)

In other words, the State filed its motion *in limine* not only *expecting* that defendant would not object at trial if that motion were allowed, but *precisely so that* defendant would not object at trial if that motion were allowed. This was for the State's benefit, and the State communicated this explicitly to both the trial court and defense counsel. Given this, we have some difficulty now entertaining the State's argument that defendant forfeited review of the contested statements by failing to make a contemporaneous trial objection, when insulating those statements from a contemporaneous trial objection was the State's express objective and implicit request.

¶ 17    As the State well knows, a party may not request to proceed in one manner and then later contend on appeal that the requested course of action was in error. See, *e.g.*, *People v. Lucas*, 231 Ill. 2d 169, 174 (2008). And while a prevailing party may defend its judgment on any basis appearing in the record, it may not advance a theory or argument on appeal that is inconsistent with the position taken below. See, *e.g.*, *People v. Henderson*, 2013 IL 114040, ¶ 23; *People v. Franklin*, 115 Ill. 2d 328, 336 (1987). Here, the State is doing both of these things, and consequently it is entirely within our prerogative to reject the State's forfeiture

argument outright. See *Henderson*, 2013 IL 114040, ¶ 24. That said, in the interests of resolving the issue at hand, and in large measure because our resolution of the issue results in no prejudice to defendant, we will proceed to consider the merits of the remaining portion of the appellate court's forfeiture analysis. In doing so, we in no way condone the State's maneuvering in this case, and we strongly discourage the State from proceeding this way in the future.

¶ 18    As to the merits, we reject the appellate court's conclusion that defendant forfeited review of the contested statements by failing to make a contemporaneous trial objection. In criminal cases, this court has held consistently that, to preserve an issue for review, a defendant must raise it in *either* a motion *in limine* or an objection at trial, *and* in a posttrial motion. *Cox*, 195 Ill. 2d at 382; *Hudson*, 157 Ill. 2d at 434-35; *Boclair*, 129 Ill. 2d at 476. That is exactly what defendant did here, and this court has never required anything more. Defendant preserved the issue.

¶ 19    To be sure, the appellate court correctly noted that, in other cases, this court has held that the denial of a motion *in limine* does *not*, by itself, preserve an objection to the admission of disputed evidence and that a contemporaneous trial objection also is required to preserve the issue for review. See, *e.g.*, *Simmons*, 198 Ill. 2d at 569; *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 163 Ill. 2d 498, 502 (1994). Where the appellate court went astray, however, is in failing to recognize that we have only ever held this in *civil* cases and that the forfeiture rules for civil and criminal cases are different. Indeed, in *Heritage Standard*, this court prefaced its recitation of the above rule with the phrase, "[i]n civil cases such as this." *Heritage Standard*, 163 Ill. 2d at 502. The reason this phrase was necessary is because it is *only* in civil cases that a contemporaneous trial objection is required; this court has never required it in the criminal context.

¶ 20    The State, in turn, attempts to argue that "[u]ncertainty exists in Illinois criminal case law over whether a contemporaneous trial objection, in addition to inclusion in both the posttrial motion and an *in limine* filing, is required to preserve an issue for appellate review." According to the State, the source of this "uncertainty" is this court's perpetual inconsistency on this question. On the one hand, the State argues, there are decisions such as *People v. Enoch*, 122 Ill. 2d 176, 186 (1988), *People v. Gilliam*, 172 Ill. 2d 484, 510 (1996), and *In re M.W.*, 232 Ill. 2d 408, 430 (2009), all of which state that a contemporaneous trial objection *is* required to preserve an issue for review. On the other hand, there are decisions such as *Cox*, *Hudson*, and *Boclair*, all of which say that a contemporaneous trial objection is *not* required.

¶ 21    Now, as presented by the State, this certainly looks bad. And were this the state of the law, this court certainly would have some explaining and some reconciling to do. Fortunately, this is not the state of the law, not by a long shot. In fact, there is absolutely no inconsistency in the state of this court's criminal forfeiture jurisprudence because there is an important distinction between the two lines of cases cited by the State, a point the State neglected to mention in its brief though it readily conceded it at oral argument. The distinction is this: *Cox*, *Hudson*, and *Boclair* involve issues that were or could have been raised in a motion *in limine*; *Enoch*, *Gilliam*, and *M.W.* do not. Rather, *Enoch*, *Gilliam*, and *M.W.* involve routine trial errors that were not raised and could not have been raised in a motion *in limine*—*M.W.* involved defective notice; *Gilliam* involved a biased jury; and *Enoch* involved several issues, including one-act/one-crime concerns, an improper opening

- 6 -

statement, and the voluntariness of defendant's jury waiver. In other words, to create the impression of "uncertainty," the State pits this court's *specific rule* for preserving issues raised and litigated in a motion *in limine*, where a contemporaneous trial objection is *not* required because the issue has been considered previously, against this court's *general rule* for preserving routine trial errors, where a contemporaneous trial objection *is* required because the issue has not been considered previously. That's apples and oranges, and the reality is that this court has never applied the general rule in the specific context of an issue that was litigated *in limine*.

¶ 22    As a final matter on this point, we wish to address a statement made by the State at oral argument. In its brief, the State gave no indication of recognizing the distinction between civil and criminal forfeiture rules, as outlined above. Quite the opposite, in fact, as the State in its brief dismissed as "inaccurate" defendant's claim that "this court has never found a claim forfeited due to the failure to contemporaneously object and that such a requirement is only found in civil cases." By the time oral argument was held, however, the State readily acknowledged such a distinction and now was advocating that "the established civil rule be extended to criminal cases by requiring a trial objection in every case."

¶ 23    We mention this because, in fact, the State is not advocating that the established civil rule be *extended* to criminal cases. Rather, it is advocating that the established civil rule be *added* to criminal cases. Again, with respect to issues litigated *in limine*, the civil and criminal forfeiture rules are different, and it is not simply that the former requires a contemporaneous trial objection while the latter does not. The difference is that the civil rule requires a contemporaneous trial objection, whereas the criminal rule requires that the issue be raised in the posttrial motion. In other words, both the civil rule and the criminal rule require the objecting party to bring the *in limine* issue to the trial court's attention one additional time. In civil cases, that is through a contemporaneous trial objection. In criminal cases, that is through the posttrial motion. And this distinction makes perfect sense because, while posttrial motions are a mandatory prerequisite to raising an issue on appeal in criminal cases (*Enoch*, 122 Ill. 2d at 186), they are not in many civil cases (Ill. S. Ct. R. 366(b)(3)(ii) (eff. Feb. 1, 1994)). In advocating that "the established civil rule be extended to criminal cases," the State surely is not suggesting that we dispense with the posttrial motion requirement in criminal cases, which is what extending the established civil rule to criminal cases would entail. No, what the State is advocating is that criminal defendants be subject to *both* the civil rule *and* the criminal rule, having *both* to contemporaneously object *and* to include the *in limine* issue in a posttrial motion. While we recognize that this is the approach taken in some jurisdictions,[1] we are content to leave our rules exactly as they are.

¶ 24    In sum, then, we hold that, having objected to the admissibility of the contested statements both in his response to the State's motion *in limine* and in his posttrial motion, defendant did all that our rules require to preserve that issue for review; a contemporaneous trial objection was not also required.

---

[1]See, *e.g.*, *People v. Salcido*, 186 P.3d 437, 487 (Cal. 2008); *Coday v. State*, 946 So. 2d 988, 995 (Fla. 2006) (*per curiam*); *State v. Houston*, 213 P.3d 728, 740 (Kan. 2009); *State v. Huston*, 824 N.W.2d 724, 733 (Neb. 2013); *State v. Dennison*, 608 S.E.2d 756, 757 (N.C. 2005) (*per curiam*); *State v. Cain*, 806 N.W.2d 597, 605 (N.D. 2011).

¶ 25                                    The Statements

¶ 26     Now that we have disposed of the forfeiture issue, we turn to the merits of defendant's objections to the statements that were admitted against him. Broadly speaking, these statements fall into two categories. First, there are three statements that were admitted pursuant to the coconspirator exception to the hearsay rule.[2] These are the statements that were the subject of the State's motion *in limine*, and they include statements that coconspirators Getino Robinson and Tauren Giles made to coconspirator Kineta Bell, as well as a statement that coconspirator Kineta Bell made to her sister, Melanie Banner. In addition, there is a prior consistent statement that the State was allowed to elicit from the victim's girlfriend, Stacy Daniels. Defendant argues that each of these statements was improper hearsay that the trial court should have ruled inadmissible.

¶ 27     As we have previously discussed, the appellate court below initially held that defendant forfeited his objections to the admissibility of the three coconspirator statements. Nevertheless, the appellate court then went on to address at length the admissibility of those statements on the merits. As to the statements that Robinson and Giles made to Bell, the appellate court concluded that they were clearly made during the pendency of and in furtherance of the conspiracy and therefore were properly admitted. 2013 IL App (2d) 110652, ¶¶ 12-17. As to the statement that Bell made to Banner, the appellate court concluded that this statement was *not* made in furtherance of the conspiracy and that the trial court therefore erred in admitting it. *Id.* ¶¶ 18-23. The appellate court added, however, that this error was harmless beyond a reasonable doubt, as Bell's statement to Banner was both duplicative of other competent evidence and "of such little consequence" that it could not have contributed to defendant's conviction. *Id.* ¶ 24. Finally, as to Daniels' prior consistent statement, the appellate court concluded that, although prior consistent statements ordinarily are inadmissible, the admission of Daniels' statement was proper in this case given the nature of defense counsel's cross-examination. *Id.* ¶¶ 25-29.

¶ 28     After reviewing the record, the parties' arguments before this court, and the appellate court's opinion below, we are convinced that the appellate court's analysis of these statements is not only correct but also factually and legally complete. Consequently, we see no need to repeat or replicate that analysis here. Instead, it is enough to say that, on these points, we agree fully with the appellate court and therefore affirm both its reasoning and its conclusions.

¶ 29                                     CONCLUSION

¶ 30     Though we disagree with the appellate court's forfeiture analysis, we agree fully with the appellate court's conclusion that, with one harmless exception, the trial court properly admitted the statements in question. The judgment of the appellate court therefore is affirmed.

¶ 31     Affirmed.

---

[2]This exception provides that any declaration by one coconspirator is admissible against all conspirators where the declaration was made during the pendency of and in furtherance of the conspiracy. *People v. Kliner*, 185 Ill. 2d 81, 141 (1998); Ill. R. Evid. 801(d)(2)(E) (eff. Jan. 1, 2011).