NOTICE

Decision filed 01/12/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231111

NO. 5-23-1111

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-CF-705 |
| | ) | |
| JAMES O'NEAL JR., | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court, with opinion.
Justices Welch and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, James O'Neal Jr., appeals the St. Clair County circuit court's order regarding his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

---

[1]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 2                              I. BACKGROUND

¶ 3      On May 24, 2023, the State charged the defendant by information with murder/other forcible felony (720 ILCS 5/9-1(a)(3) (West 2022)) and aggravated battery/discharge of firearm (*id.* § 12-3.05(e)(1)), which occurred on August 13, 2017. Bond was set at $1 million, requiring the deposit of 10%. The defendant hired private counsel. The bond was later reduced to $500,000, requiring the deposit of 10%, along with a no-contact order.

¶ 4      On October 26, 2023, the court held a hearing on defendant's prior request to the circuit court pursuant to sections 110-7.5 and 110-5(e) of the Code seeking a hearing and asking the circuit court to order his release without the condition of depositing security or to reconsider his pretrial release conditions. 725 ILCS 5/110-5(e), 110-7.5 (West 2022). The State also filed a verified petition for the defendant's pretrial detention on September 12, 2023.

¶ 5      At the hearing, the State proffered that the police responded to an apartment building in East St. Louis, Illinois, where they discovered the deceased victim with seven gunshot wounds to the head and chest in the driver's seat of a car. A second victim had already been transported to a nearby hospital. When police later spoke to the second victim, he was unable to identify the shooter and stated that he and the deceased victim had been sleeping in a car outside the apartment building. A codefendant, Shavon Brownlee, told detectives that he and the defendant were committing an armed robbery of two men sleeping inside a car. While they were attempting to retrieve property, the backseat passenger awoke, and both the men in the vehicle were shot. Brownlee told police that he shot the driver of the vehicle and the defendant shot the backseat passenger. There was surveillance video from an adjacent convenience store that showed both defendants together right before the shooting. Brownlee pleaded guilty to murder/other forcible felony. The State also proffered the defendant's criminal history, which included convictions for

residential burglary, unlawful possession of a firearm by a felon, and aggravated battery. The defendant was on probation for the aggravated battery when this shooting took place. Defense counsel emphasized a previous bond reduction and informed the circuit court that the defendant had suffered a stroke while in custody.

¶ 6     The circuit court found that the proof was evident and the presumption great that the defendant committed the detainable offenses and that the defendant posed a threat to a person or persons in the community. The court also found that there were not any conditions or any combination of conditions that could mitigate the real and present danger posed by the defendant. The court entered its order that the defendant should remain detained, from which the defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023).

¶ 7                                    II. ANALYSIS

¶ 8     On appeal, the defendant contends that, because he was previously detained on an inability to make cash bond and the State did not timely file its verified petition, the Code does not allow the State to seek his pretrial detention. The defendant asks this court to reverse the circuit court's order denying his pretrial release. In response, the State argues that section 110-6(g) of the Code (725 ILCS 5/110-6(g) (West 2022)) authorizes its petition to deny the defendant's pretrial release.

¶ 9     The defendant argues that the circuit court erred when it granted the State's petition to detain because the Code does not allow the State to file a petition to detain defendants who remain in custody after having been ordered released on the condition of depositing security. Specifically, the defendant argues that the State was not permitted to file a petition to detain him due to the timing requirements of section 110-6.1(c)(1) of the Code (*id.* § 110-6.1(c)(1)).

¶ 10    The defendant acknowledges that his attorney did not move to strike the State's petition. Additionally, the defendant's attorney did not include these errors in his notice of appeal. The

3

defendant seeks review of this issue under the second prong of the plain-error doctrine. Under the second prong of plain-error review, a reviewing court may consider a forfeited error when the error is so serious that it deprives the defendant of a substantial right. *People v. Herron*, 215 Ill. 2d 167, 178-79 (2005). In the alternative, the defendant contends that his counsel's failure to object to the State's petition constituted ineffective assistance of counsel. Before we determine if plain-error review is appropriate, we briefly review the applicable sections of the Code.

¶ 11    Here, the defendant was charged on May 24, 2023, before the Act took effect. Bond was set at $1 million, and the defendant was eligible to be released on bail if he had posted 10% of that amount. He was apparently not able to post the 10% and remained in jail when the Act took effect.

¶ 12    The Code separates those persons who were arrested before the Act took effect into three categories. See 725 ILCS 5/110-7.5 (West 2022). The defendant belongs to the second category—persons who remain in pretrial detention after being ordered released with pretrial conditions. *Id.* § 110-7.5(b). Section 110-7.5(b) provides that "any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.* Section 110-5(e) provides:

> "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. *** The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 13    As discussed in this court's *People v. Rios* opinion, defendants who were arrested before the Act took effect have two options:

"Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have [his or her] pretrial conditions reviewed anew. Alternatively, a defendant may elect to stay in detention until such time as the previously set monetary security may be paid. A defendant may elect this option so that [he or she] may be released under the terms of the original bail." *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16.

When the defendant asks the court for pretrial release pursuant to the Code, the defendant is asking the trial court to review appropriate pretrial conditions again. *Id.* At that point, " 'the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' " *People v. Gray*, 2023 IL App (3d) 230435, ¶ 14 (quoting *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23). On October 26, 2023, the circuit court held a hearing on the State's petition to detain; however, the circuit court and defense counsel also had the following exchange:

"THE COURT: There is a petition to detain on file. And I believe at the last setting, counsel, you had requested this hearing.

MR. SIMS: That's correct.

THE COURT: And you're ready to proceed today?

MR. SIMS: Yes, Your Honor."

The record indicates that the defendant elected to proceed to a hearing under section 110-5(e) of the Code, although the report of proceedings does not include the transcript from that court appearance. The record is also unclear which motion the circuit court was hearing, the State's petition to detain or the defendant's request under section 110-5(e) of the Code. Nonetheless, the defendant argues that the State's petition was untimely and that the circuit court did not have the authority to detain him under section 110-6.1 of the Code.

5

¶ 14 Section 110-6.1 addresses the subject of "[d]enial of pretrial release." 725 ILCS 5/110-6.1 (West 2022). Section 110-6.1(c)(1) discusses the timing of the State's petition asking the court to deny pretrial release and also references section 110-6 as an exception to these timing requirements:

"A petition may be filed without prior notice to the defendant at the first appearance before a judge, or within the 21 calendar days, *except as provided in Section 110-6*, after arrest and release of the defendant upon reasonable notice to defendant; provided that while such petition is pending before the court, the defendant if previously released shall not be detained." (Emphasis added.) *Id.* § 110-6.1(c)(1).

¶ 15 The defendant contends that the State's verified petition asking the court to hold him in pretrial detention was not timely pursuant to section 110-6.1(c)(1), as the State's petition was filed after his first appearance before a judge. *Id.* However, as emphasized in the preceding paragraph, section 110-6.1 provides an exception to these time requirements "as provided in Section 110-6." *Id.*

¶ 16 The State contends that its petition was filed pursuant to section 110-6(g) in response to the defendant's motion for release. Section 110-6 addresses the subjects of "[r]evocation of pretrial release, modification of conditions of pretrial release, and sanctions for violations of conditions of pretrial release." *Id.* § 110-6. More specifically, section 110-6(g) provides: "The court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release ***." *Id.* § 110-6(g). "The court may only add or increase conditions of pretrial release at a hearing under this Section." *Id.*

¶ 17 Here, the circuit court held a detention hearing, and pursuant to section 110-6(g), the State petitioned the court to increase the conditions by modifying the defendant's original bond

6

conditions set on May 24, 2023, and later modified—authorizing his pretrial release on payment of 10% of the $500,000 bond. During the detention hearing, the court noted the violent nature of the charges and that they were statutory detainable offenses. The court then found by clear and convincing evidence, based upon the alleged facts in the State's proffer and argument of defense counsel, that "proof is evident or presumption great" that the defendant committed a qualifying offense. The court also found that the defendant posed a real and present danger to the safety of the victims and potentially to others in the community. The court stated that there were currently no conditions or combination of conditions that could mitigate the real and present danger posed by the defendant. The court further stated that it did not then believe that less restrictive conditions would ensure the community's safety or ensure the defendant's appearance in court.

¶ 18   Pursuant to section 110-6(g) of the Code, the State exercised its right to ask the court to modify the original conditions of pretrial release. Without the applicability and availability of section 110-6(g), the State would have limited ability to modify release conditions to maintain pretrial detention in cases where the State had safety or flight risk concerns. The timeliness requirements of section 110-6.1(c) could bar the State's efforts. Our legislature provided the "exception" language in section 110-6.1(c) allowing the State to proceed under section 110-6(g) when necessary.

¶ 19   Accordingly, we do not reach the issue of plain-error review because we find that the State's petition to detain was properly filed pursuant to section 110-6(g). We further conclude that the circuit court's order maintaining the defendant's pretrial detention in this case was not an abuse of discretion. Accordingly, we affirm the circuit court's order.

¶ 20   The defendant alternatively argues that his counsel was ineffective for not objecting to or moving to strike the State's verified petition seeking to have him held in pretrial detention.

7

Constitutionally competent assistance is measured by a test of whether the defendant received "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Overall, to prevail on an ineffective assistance of counsel claim, "[the] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Lefler*, 294 Ill. App. 3d 305, 311 (1998) (citing *Strickland*, 466 U.S. at 694). The term "reasonable probability" has been defined to mean a probability sufficient to undermine confidence in the outcome of the proceeding. *People v. Colon*, 225 Ill. 2d 125, 135 (2007); *Lefler*, 294 Ill. App. 3d at 311-12 (citing *Strickland*, 466 U.S. at 687).

¶ 21 With a claim of ineffective assistance of counsel, we apply the two-prong *Strickland* test, adopted by the Illinois Supreme Court in *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). Under this test, the defendant must prove that (1) defense counsel's performance was deficient or fell below an objective standard of reasonableness and (2) the defendant suffered prejudice because of defense counsel's deficient performance. *Strickland*, 466 U.S. at 687. If the defendant fails to establish either prong of the *Strickland* test, the ineffective assistance claim fails. *People v. Theis*, 2011 IL App (2d) 091080, ¶ 39. If the defendant does not raise his or her ineffective assistance of counsel claim in the circuit court, our review on appeal is *de novo*. *People v. Berrier*, 362 Ill. App. 3d 1153, 1166-67 (2006). The reviewing court is not required to analyze both *Strickland* prongs and may conclude that the defendant failed to establish ineffective assistance because he was not prejudiced by counsel's alleged deficient performance. *People v. Perry*, 224 Ill. 2d 312, 342 (2007).

¶ 22 Although the defendant's attorney did not specifically argue his petition seeking pretrial release, we consider the State's verified petition for pretrial detention as responsive to the defendant's petition. Moreover, the Code did not bar the State from seeking the defendant's pretrial

8

detention. While the State's petition may have been untimely with respect to section 110-6.1(c)(1) of the Code (725 ILCS 110-6.1(c)(1) (West 2022)), the State's petition was appropriate and timely filed pursuant to section 110-6(g) of the Code (*id.* § 110-6(g)). Thus, we conclude that, because the State's petition was valid under section 110-6(g) of the Code, defense counsel did not provide ineffective assistance for failing to file a pleading asking the court to strike the State's verified petition. See *id.*

¶ 23                                         III. CONCLUSION

¶ 24     For the reasons stated above, we affirm the detention order entered by the St. Clair County circuit court.

¶ 25     Affirmed.

*People v. O'Neal*, 2024 IL App (5th) 231111

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of St. Clair County, No. 23-CF-705; the Hon. Robert B. Haida, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Jessica Wynne Arizo, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |