NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231410-U

NO. 4-23-1410

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 27, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| BRYAN SLONE, | ) | No. 23CF835 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Turner and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, holding that (1) defendant forfeited his argument that the State's petition to deny him pretrial release was untimely and (2) defendant failed to meet his burden of persuasion as to the grounds for relief raised in his notice of appeal where he merely checked boxes next to boilerplate language and did not include any further detail.

¶ 2   Defendant, Bryan Slone, appeals the trial court's order denying him pretrial release. Defendant filed a notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023)), in which he checked boxes next to several grounds for relief. He also filed a memorandum in support of his appeal, arguing that the State lacked authority to file its petition to deny him pretrial release because the petition was untimely. We affirm.

¶ 3                               I. BACKGROUND

¶ 4 In August 2023, the State charged defendant with two counts of unlawful possession of cannabis (720 ILCS 550/4(d), (e) (West 2022)) and one count of resisting or obstructing a peace officer (720 ILCS 5/31-1(a-7) (West 2022)). The trial court set defendant's bond at $50,000.

¶ 5 On September 19, 2023, defendant filed a motion to reconsider his pretrial release conditions.

¶ 6 On September 26, 2023, the State filed a petition to deny defendant pretrial release. The State filed a second petition on October 4, 2023. The State alleged defendant was charged with a qualifying offense and had a high likelihood of willful flight to avoid prosecution.

¶ 7 On November 3, 2023, the trial court held a hearing on the State's petition. After hearing proffers from the parties, the court found that defendant presented a significant threat of willful flight from the jurisdiction and that he was unlikely to appear if the court granted him pretrial release. The court ordered defendant detained pending resolution of the case. The court also entered a written order, which found the State had proven by clear and convincing evidence that the proof was evident or the presumption great that defendant had committed a detainable offense, defendant posed a real and present threat of willful flight, and no condition or combination of conditions of pretrial release could mitigate this threat.

¶ 8 On November 17, 2023, defendant filed a notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked boxes next to the following grounds: (1) defendant was not charged with an offense qualifying for denial of pretrial release; (2) the State failed to prove by clear and convincing evidence that defendant

- 2 -

posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (3) the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of the community or defendant's willful flight; and (4) the trial court erred by determining that no condition or combination of conditions would reasonably ensure defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant did not include any written description next to the checked boxes.

¶ 9  Defendant also filed a memorandum in support of his appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). In the memorandum, defendant argued that the trial court had no authority to consider the State's detention petition because it was untimely.

¶ 10  II. ANALYSIS

¶ 11  We first address the argument raised in defendant's memorandum—namely, that the trial court lacked authority to detain him because the State's petition was untimely, as it was not filed within 21 days of his arrest and the court's order releasing him upon the condition of posting bond. See 725 ILCS 5/110-6.1(c)(1) (West 2022).

¶ 12  Defendant acknowledges that he failed to raise this argument in the trial court or in his notice of appeal, which would ordinarily result in forfeiture of the issue. See *People v. Morgan*, 385 Ill. App. 3d 771, 773 (2008) ("Generally, a defendant's argument is forfeited on appeal if it was not raised in the trial court."). Defendant argues, however, that the doctrine of forfeiture does not apply to this case because it involves the appeal of an interlocutory order, which is by its nature modifiable and reviewable by the trial court. See *People v. Johnson*, 2015 IL App (2d) 131029, ¶ 20 ("[A]n interlocutory order can be reviewed, modified, or vacated at

any time before final judgment."). Defendant cites *People v. Denson*, 2014 IL 116231, ¶ 18, for the proposition that, in order to preserve an issue for review, a defendant must raise the issue in (1) a motion *in limine* or an objection at trial and (2) a posttrial motion. Defendant asserts that it would be "premature" to find that he forfeited the issue since there has not yet been a trial.

¶ 13    While defendant cites authority for the proposition that interlocutory orders are generally modifiable and reviewable in the trial court prior to the entry of a final judgment, he cites no authority for the proposition that an appellant may raise an issue in an interlocutory appeal that was not raised in the trial court. Notably, several appellate decisions have recognized that the forfeiture rule applies to interlocutory appeals. See *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 41; *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 58. Accordingly, we find defendant has not shown that the doctrine of forfeiture is inapplicable to this appeal, and we conclude his failure to challenge the timeliness of the State's petition in the trial court resulted in forfeiture of the issue on appeal.

¶ 14    Defendant argues that, in the event we find this issue forfeited, we should review it under the second prong of the plain error doctrine because it affected his fundamental right to liberty. See *People v. Birge*, 2021 IL 125644, ¶ 24 ("[U]nder the plain-error doctrine, a reviewing court may consider an unpreserved error if *** a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process ***."). The first step in plain error analysis is determining whether a clear or obvious error occurred. *Id.* "Plain-error review is reserved for errors that are clear or obvious based on law that is well settled at the time of trial ***." (Internal quotation marks omitted). *People v. Williams*, 2015 IL App (2d) 130585, ¶ 11. "The plain error doctrine is

not a backdrop to catch merely arguable issues that could have been raised in the trial court. The error had to be manifest or patent." *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 17.

¶ 15    Here, defendant has not established that a clear or obvious error occurred based on the alleged untimeliness of the State's petition. At the time of the detention hearing, it was neither clear nor obvious under the law that the State lacked authority to file its petition on the basis that it was untimely. Notably, since the detention hearing in this case, several appellate decisions have held that the State may file a detention petition more than 21 days after a defendant is arrested and ordered released where such a petition is filed in response to a motion to reconsider the conditions of pretrial release filed by a defendant who remains in custody after having previously been ordered released on bond. See *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 17, 38 (Turner, J., specially concurring); *People v. O'Neal*, 2024 IL App (5th) 231111, ¶¶ 8-18; *People v. Gray*, 2023 IL App (3d) 230435, ¶ 15; but see *People v. Brown*, 2023 IL App (1st) 231890, ¶ 20. Accordingly, we conclude that this issue is not reviewable under the plain error doctrine because any error concerning the alleged untimeliness of the State's petition was not clear or obvious at the time of the detention hearing.

¶ 16    Defendant also argues that the doctrine of forfeiture should be relaxed in this case to reach a just result and because the case law on the subject was not settled at the time of the detention hearing. "[W]aiver and forfeiture are limitations on the parties and not on the court, and a court may overlook forfeiture where necessary to reach a just result or maintain a sound body of precedent." *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 94. Here, appellate case authority is not uniform on the issue of whether the State has authority to file a detention petition more than 21 days after a defendant has been arrested and ordered released on bond in response to a defendant's motion to reconsider the conditions of pretrial

release. However, the majority approach has been to find that the State has the authority to file such petitions. See *Jones*, 2023 IL App (4th) 230837, ¶¶ 17, 38; *O'Neal*, 2024 IL App (5th) 231111, ¶¶ 8-18; *Gray*, 2023 IL App (3d) 230435, ¶ 15. Under these circumstances, we decline to exercise our discretion to review this forfeited issue on its merits. See *People v. Custer*, 2019 IL 123339, ¶ 19 ("In the exercise of our discretion, we may address even forfeited issues.").

¶ 17        We now turn to the issues raised in defendant's notice of appeal but not in his memorandum, namely that (1)  he was not charged with an offense qualifying for denial of pretrial release; (2) the State failed to prove by clear and convincing evidence that  he posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (3) the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of the community or defendant's willful flight; and (4) the trial court erred by determining that no condition or combination of conditions would reasonably ensure defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. The entirety of defendant's appellate argument concerning these issues consists of checking boxes on the form notice of appeal.

¶ 18        Section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2022)) provides that all criminal defendants are presumed eligible for pretrial release. However, a defendant may be denied release if, upon verified petition, the State proves by clear and convincing evidence at a detention hearing that, relevant to this appeal, (1) the proof is evident or the presumption great the defendant committed a detainable offense, (2) the defendant has a high likelihood of willful flight to avoid prosecution, and (3) no condition or combination of the conditions can mitigate the threat of willful flight. *Id.* §§ 110-6.1(a)(8), (e)(1)-(3).

¶ 19     We review a trial court's ruling denying a defendant pretrial release for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. "An abuse of discretion occurs when the *** court's decision is arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the *** court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 20     Here, defendant has failed to satisfy his burden to persuade this court that the grounds for relief identified in his notice of appeal were present under the specific, articulable facts of this case. See, *e.g.*, *Insurance Benefit Group*, *Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44 ("[D]efendant, as the appellant, bears the burden of persuasion as to [his] claims of error."). An appellant may not satisfy his burden of persuasion by merely checking a box on a form notice of appeal next to boilerplate language. At a minimum, we believe the appellant, in addition to checking a box, must point to some specific facts or aspect of the case that supports the requested ground for relief. See *Inman*, 2023 IL App (4th) 230864, ¶ 13 ("[I]t is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box."). Because defendant failed to do as much in the instant appeal, we affirm the trial court's judgment.

¶ 21                              III. CONCLUSION

¶ 22     For the reasons stated, we affirm the trial court's judgment.

¶ 23     Affirmed.